Filed 5/15/26  P. v. Young CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B348864 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA196110) |
| v. | |
| EARL YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

# MEMORANDUM OPINION[1]

Defendant Earl Young appeals from the denial of his second and successive petition for resentencing pursuant to Penal Code[2] section 1172.6. In a prior appeal decided last year, we affirmed the trial court's finding that Young was ineligible for relief under section 1172.6 as a matter of law. Young's latest petition provides no basis for revisiting our decision or reaching a different result. We accordingly affirm.

## A.     Procedural Background

In 2003, a jury convicted Young among other offenses of first degree murder and found true a special circumstance that the murder was committed during a robbery. We affirmed the conviction on direct appeal. (*People v. Young* (Jan. 31, 2005, B168977) [nonpub. opn.].)

In 2021, Young filed a petition for resentencing pursuant to section 1172.6, which the trial court denied at the prima facie stage finding that the record of conviction showed defendant was the actual shooter. (*People v. Young* (Nov. 7, 2022, B317740 [nonpub. opn.].) We affirmed, finding that Young's contentions could have been fully litigated on his direct appeal and his contentions were an improper collateral attack on the judgment

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Stds. Jud. Admin., § 8.1(1).) We set forth only those portions of the factual and procedural history necessary to explain our disposition.

[2] All unspecified statutory references are to the Penal Code.

and were no longer cognizable. (*Ibid.*) We also conducted an independent review of the entire record and found no arguable issues. (*Ibid.*)

After this affirmance, Young filed a second and successive petition for resentencing in July 2023, which the trial court summarily denied.[3] Young appealed. Young's appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.) Because a defendant who has been denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of the record before dismissing the appeal, but we may conduct such a review at our discretion. (*Id.* at pp. 227-228, 232.)

If the defendant files a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental

---

[3] In denying the petition, the trial court found that it had previously denied two prior section 1172.6 petitions. Our review of the record only found one previous denial, as referenced in our affirmance in (*People v. Young, supra*, B317740 [nonpub. opn.].)

3

brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On December 18, 2025, we notified Young by letter of the no-merits brief filed by his counsel and informed him that he had 30 days to file a supplemental brief.[4] We received Young's supplemental brief on March 27, 2026.

## B. Young Remains Ineligible for Relief Under Section 1172.6

Section 1172.6 was enacted by the Legislature in 2018 as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.). The legislation's overall purpose was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, the bill added section 189, subdivision (e) "to amend the felony-murder rule," and added section 188, subdivision (a)(3) "to amend the natural and probable consequences doctrine." (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) Senate Bill No. 775 (2021-2022 Reg. Sess.) made further amendments to the resentencing statute, effective January 1, 2022. (Stats. 2021, ch. 551, § 2.)

We previously affirmed the denial of Young's first section 1172.6 petition because Young's contentions on appeal "were fully

---

[4] In a declaration submitted with her brief, Young's counsel averred that she sent Young a copy of counsel's brief along with the transcripts of the record on appeal.

4

litigated on his direct appeal, [or] they could have been." (*People v. Young, supra,* B317740.) We also "reviewed the entire record and found no arguable issues." (*Ibid.*) Young requests we appoint new counsel because his attorney was ineffective for filing a "no-issue brief." Young offers no support for his conclusory statement that "new or existing evidence could have been readily available if the appointed counsel would have done the job she was assigned to do." Young also argues that the record of conviction does not conclusively establish, as a matter of law, that he was the actual shooter. There has been no intervening amendment to section 1172.6 since the time of our 2022 decision, and no change to the record of conviction. As the record of conviction continues to demonstrate Young is ineligible for relief, we reject the arguments in his successive petition to the contrary.

Finally, we decline counsel's request that we independently review the record, as nothing before us suggests such an exercise is necessary. (*People v. Delgadillo, supra,* 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying Young's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.          WEINGART, J.

5